IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRAPHASE ENGINEERING, INC., WILLIAM CARSON, JEFF RAINES, PETER ZAWISLANSKI, and ANDREW ROMOLO,<br><br>Plaintiffs,<br><br>v.<br><br>ARCADIS, U.S., INC.,<br><br>Defendant.<br>_____/ | No. C 10-04647 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 17, 2010 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 10 minutes to address the following questions:

1. What is the ongoing role of Ms. Spangler and Mr. Niparko in the current litigation? Did anyone from Gordon & Rees LLP review the subject e-mails or the attachments and to what extent? If only in-house counsel reviewed the subject e-mails or their attachments and did not discuss the contents with outside counsel, what conflict does outside counsel have?

2. Defendants essentially admit that they used the contents of the privileged documents to determine the date of the alleged meeting which appears in the counterclaim filed by outside counsel, Gordon & Rees LLP. Is this sufficient to demonstrate that outside counsel has been tainted by the inadvertent disclosure of privileged materials?

3. If Plaintiffs were granted limited and expedited discovery, what further information would they seek to gather other than what has been provided in Defendants' opposition papers?

4. If Gordon & Rees LLP is tainted in any way from the disclosure of privileged material, should another, independent firm be hired for the limited purpose of resolving this inadvertent disclosure matter?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 16, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE