IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRAPHASE ENGINEERING, INC., WILLIAM CARSON, JEFF RAINES, PETER ZAWISLANSKI, and ANDREW ROMOLO, | No. C 10-04647 JSW |
| Plaintiffs, | |
| v. | **ORDER TO SHOW CAUSE RE APPOINTMENT OF A SPECIAL MASTER** |
| ARCADIS, U.S., INC., | |
| Defendant. | |

Plaintiffs Terraphase Engineering Inc., William Carson, Jeff Raines, Peter Zawislanski, and Andrew Romolo ("Plaintiffs") have filed a motion for expedited discovery and a motion for the Court to hear its motion on shortened time as well as Defendant Arcadis's notice of intent to file a motion to augment or correct the record.

As the Court indicated on December 17, 2010, during the hearing on Plaintiffs' application for a temporary restraining order, the Court was initially inclined to appoint a special master to aid the parties in resolving their differences with regard to the disclosure of documents. At the time the Court entered the restraining order, the parties had consented to its terms and the appointment appeared to be unnecessary. However, with the filing of the new motions in this matter, it again appears to the Court that an appointment of a special master would benefit the expedient resolution of the disputes as well as protect the rest of the case (and the undersigned) from the possible taint of the disputed matters.

The Court provided the parties with a list of proposed candidates for the position as Special Master at the hearing on the application for a temporary restraining order. They are:

1. Edward W. Swanson, Swanson McNamara
2. James M. Wagstaffe, Kerr & Wagstaffe
3. Daralyn J. Durie, Durie Tangrie
4. Douglas R. Young, Farella, Braun + Martel
5. Susan K. Jamison, Coblentz, Patch, Duffy & Bass
6. Stephen E. Taylor, Taylor & Company Law Offices
7. Stephen Bundy, Taylor & Company Law Offices

The Special Master would be tasked with the responsibility of preparing a Report and Recommendation ("Report") for the Court's review, with the following guidelines:

1. The parties would be entitled to file any objections or motions to modify or adopt the Report, pursuant to Federal Rule of Civil Procedure 53(f), by no later than fourteen days after the date the Report is issued. The parties may file a response to the opposing party's Rule 53(f) submission seven days thereafter.

2. The Special Master would have the authority to set the date, time and place for all hearings determined to be necessary; to preside over hearings (whether telephonic or in person); to receive additional evidence or briefing in connection with this dispute. In addition, the Special Master would have full authority pursuant to Federal Rule of Civil Procedure 53(c)(1), (2).

3. A court reporter will transcribe any hearing or other proceeding before the Special Master, unless otherwise agreed to by the parties and the Special Master.

4. The cost of any proceeding before the Special Master, including the fees of the Special Master, the fees of court reporters who transcribe hearings or other proceedings before the Special Master, and the fees of any other person necessary to the efficient administration of the proceeding before the Special Master would be determined by the Special Master and, in making his Report, the Special Master may recommend how the fees and costs incurred should be allocated among the parties.

2

5. The Special Master would not have *ex parte* communications with parties or counsel. In order to effectuate his duties, and with the consent of the parties, the Special Master would be permitted to communicate with this Court on an *ex parte* basis solely with respect to procedural matters.

6. If the Special Master requests further briefing or additional materials to be submitted, the parties would file with the Clerk the original materials and serve a courtesy copy on the Special Master. The parties need not serve a courtesy copy on chambers. The parties would follow the procedures set forth in Northern District Civil Local Rule 79-5 with respect to any documents that are requested to be filed under seal.

7. The Special Master would preserve and maintain all documents and materials submitted by the parties as well as any interim orders and the Report issued by the Special Master. These documents, materials, orders, reports and recommendations shall be the record of the Special Master's activities and would be maintained in chronological order until the resolution of this matter.

8. Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Special Master would proceed with all reasonable diligence.

In this regard, the Court HEREBY ORDERS the parties to show cause in writing by no later than January 18, 2011 why the Court should not appoint a Special Master to resolve the outstanding disputes with regard to the disclosure of documents and related issues. In the alternative, the parties may submit a stipulation for such an appointment. In addition, the parties shall indicate in this writing a minimum of three agreeable potential candidates either of their own choosing or from the Court's suggested list.

**IT IS SO ORDERED.**

Dated: January 13, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE