IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRAPHASE ENGINEERING, INC., WILLIAM CARSON, JEFF RAINES, PETER ZAWISLANSKI, and ANDREW ROMOLO, | No. C 10-04647 JSW |
| Plaintiffs, | |
| v. | **ORDER APPOINTING SPECIAL MASTER** |
| ARCADIS, U.S., INC., | |
| Defendant. | |

Plaintiffs Terraphase Engineering Inc., William Carson, Jeff Raines, Peter Zawislanski, and Andrew Romolo ("Plaintiffs") have filed a motion for expedited discovery and a motion for the Court to hear its motion on shortened time as well as Defendant Arcadis's notice of intent to file a motion to augment or correct the record.

The Court finds that an appointment of a special master would benefit the expedient resolution of the disputes as well as protect the rest of the case (and the undersigned) from the possible taint of the disputed matters. Accordingly, the Court HEREBY APPOINTS Edward W. Swanson, of Swanson McNamara, as the Special Master in this case: (1) to ensure that the rest of the case on the merits is not tainted by the disclosure; (2) to enforce the conditions of the Court's orders; (3) to investigate the claims of fraud and false statements; and (4) to resolve the outstanding motion and requests for discovery.

The Special Master is tasked with the responsibility of preparing a Report and Recommendation ("Report") for the Court's review within 30 days of this Order to make a determination of the best course of action, with the following guidelines:

1. The parties are entitled to file any objections or motions to modify or adopt the Report, pursuant to Federal Rule of Civil Procedure 53(f), by no later than fourteen days after the date the Report is issued. The parties may file a response to the opposing party's Rule 53(f) submission seven days thereafter.

2. The Special Master has the authority to set the date, time and place for all hearings determined to be necessary; to preside over hearings (whether telephonic or in person); to compel additional evidence or briefing in connection with this dispute. In addition, the Special Master has full authority pursuant to Federal Rule of Civil Procedure 53(c)(1), (2).

3. A court reporter shall transcribe any hearing or other proceeding before the Special Master, unless otherwise agreed to by the parties and the Special Master.

4. The cost of any proceeding before the Special Master, including the fees of the Special Master, the fees of court reporters who transcribe hearings or other proceedings before the Special Master, and the fees of any other person necessary to the efficient administration of the proceeding before the Special Master shall be determined by the Special Master and, in making his Report, the Special Master may recommend how the fees and costs incurred should be allocated among the parties.

5. The Special Master shall not have *ex parte* communications with parties or counsel. In order to effectuate his duties, and with the consent of the parties, the Special Master is permitted to communicate with this Court on an *ex parte* basis solely with respect to procedural matters.

6. If the Special Master requests further briefing or additional materials to be submitted, the parties shall file with the Clerk the original materials and serve a courtesy copy on the Special Master. The parties need not serve a courtesy copy on chambers. The parties shall follow the procedures set forth in Northern District Civil Local Rule 79-5 with respect to any documents that are requested to be filed under seal.

7. The Special Master shall preserve and maintain all documents and materials submitted by the parties as well as any interim orders and the Report issued by the Special Master. These documents, materials, orders, reports and recommendations shall be the record of the Special Master's activities and shall be maintained in chronological order until the resolution of this matter.

8. Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Special Master shall proceed with all reasonable diligence.

Further, the Court notes the tone of discourse in this matter has deteriorated to the point of incivility. The parties are prohibited from using negative adjectives or argument to characterize the opposing parties or lawyers or their behavior or arguments. Such rhetoric shall not be tolerated and will be the subject of sanctions if it continues.

**IT IS SO ORDERED.**

Dated: January 20, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3